IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | 04 12495 DPW |
| Plaintiff, | MAGISTRATE JUDGE _____ |
| v. | Civil Action No.: |
| GLOBAL COMPANIES, L.L.C. and GLOBAL PETROLEUM CORPORATION, | |
| Defendants. | |

## COMPLAINT

Plaintiff, the United States of America, by authority of the Attorney General of the United States and on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), alleges the following:

### NATURE OF THE ACTION

1. The United States brings this civil action under Sections 205(b) and 211(d) of the Clean Air Act ("the Act"), 42 U.S.C. §§ 7524(b) and 7545(d), seeking civil penalties for certain violations of Section 211(c) and (k) of the Act, 42 U.S.C. § 7545(c) and (k), and regulations promulgated thereunder.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and under Sections 205(b) and 211(d) of the Act, 42 U.S.C. §§ 7524(b) and 7545(d).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), and Sections 205(b) and 211(d) of the Act, 42 U.S.C. §§ 7524(b) and 7545(d), because the

1

Defendants reside and/or do business in this district.

## DEFENDANTS

4.   The Defendants, Global Companies, L.L.C. and Global Petroleum Corporation (collectively "Defendants"), are, upon information and belief, a Delaware corporation and a Massachusetts corporation, respectively, with their principal place of business in Waltham, Massachusetts. Upon information and belief, and at all times relevant to this action, Global Companies, L.L.C. and/or Global Petroleum Corporation imported, refined, sold, and distributed reformulated and conventional gasoline in the United States.

5.   Each Defendant is a "person" within the meaning of Section 302(e) of the Act, 42 U.S.C. § 7602(e).

## THE CLEAN AIR ACT AND APPLICABLE REGULATIONS

6.   Under the authority granted by Section 211(c) and (k) of the Clean Air Act, 42 U.S.C. § 7545(c) and (k), EPA established standards at 40 C.F.R. Part 80 for the importation, refining, sale, and distribution of reformulated gasoline (defined in 40 C.F.R. § 80.2(ee)) and conventional gasoline (defined in 40 C.F.R. § 80.2(ff)), as well as requirements for sampling and testing procedures, recordkeeping, and reporting.

7.   Pursuant to 40 C.F.R. § 80.101, beginning January 1, 1995, all conventional gasoline refined or imported in a given year must meet the annual average emissions standards specified in that section.

8.   Pursuant to 40 C.F.R. § 80.105, beginning with 1995, every refiner and importer of conventional gasoline must submit to EPA an annual report identifying, inter alia, the total gallons of conventional gasoline refined or imported during the year, the standards applicable to

such gasoline, and the gasoline's actual average specifications. Such report must be submitted to EPA by the last day of February in the year following the reporting year. Thus, the annual report for all conventional gasoline refined or imported during 1997 had to be submitted to EPA by February 28, 1998, and the annual report for all conventional gasoline refined or imported during 1999 had to be submitted to EPA by February 29, 2000.

9. Section 211(d) of the Clean Air Act, 42 U.S.C. § 7545(d), provides that any person who violates the regulations prescribed under Section 211(c) and (k) of the Act shall be liable for a civil penalty for each day of such violation. A violation of a regulatory standard that applies to a multiday averaging period constitutes a separate day of violation for each and every day of the averaging period. Pursuant to 40 C.F.R. § 19.4: for violations occurring before January 31, 1997, the amount of the civil penalty is no more than $25,000 per day, plus the value of any economic benefit or savings resulting from the violation; for violations occurring between January 31, 1997 and March 15, 2004, the amount of the civil penalty is no more than $27,500 per day, plus the value of any economic benefit or savings resulting from the violation; and for violations occurring after March 15, 2004, the amount of the civil penalty is no more than $32,500 per day, plus the value of any economic benefit or savings resulting from the violation.

## FIRST CLAIM FOR RELIEF

10. The allegations set forth in Paragraphs 1 through 9 are realleged and incorporated herein by reference.

11. During 1997, Defendants refined or imported approximately 19,000,000 gallons of conventional gasoline subject to the simple model standards for conventional gasoline in 40 C.F.R. § 80.101(b)(1).

12. Pursuant to 40 C.F.R. § 80.91(c)(5)(iii) and 40 C.F.R. § 101(b)(1)(iii), the average olefin content standard applicable to the gasoline described in Paragraph 11 was 13.5 volume percent ("vol. %").

13. The average olefin content of the gasoline described in Paragraph 11 exceeded the 13.5 vol. % olefin standard described in Paragraph 12.

14. Defendants' failure to comply with the average olefin content standard applicable to the gasoline described in Paragraph 11 violated 40 C.F.R. § 80.101.

15. As a violation of a regulatory standard applying to a multiday averaging period, Defendants' violation described in Plaintiff's First Claim for Relief constituted a separate violation for each and every day of the averaging period.

## SECOND CLAIM FOR RELIEF

16. The allegations set forth in Paragraphs 1 through 15 are realleged and incorporated herein by reference.

17. Pursuant to 40 C.F.R. § 80.91(c)(5)(iv) and 40 C.F.R. § 101(b)(1)(i), the average exhaust benzene standard applicable to the gasoline described in Paragraph 11 was 6.45 milligrams per mile ("mg/mi").

18. The average exhaust benzene level of the gasoline described in Paragraph 11 exceeded the 6.45 mg/mi exhaust benzene standard described in Paragraph 17.

19. Defendants' failure to comply with the average exhaust benzene standard applicable to the gasoline described in Paragraph 11 violated 40 C.F.R. § 80.101.

20. As a violation of a regulatory standard applying to a multiday averaging period, Defendants' violation described in Plaintiff's Second Claim for Relief constituted a separate

violation for each and every day of the averaging period.

### THIRD CLAIM FOR RELIEF

21.    The allegations set forth in Paragraphs 1 through 20 are realleged and incorporated herein by reference.

22.    Defendants did not file with EPA the report required by 40 C.F.R. § 80.105 with respect to the gasoline described in Paragraph 11 until after February 28, 1998.

23.    The report described in Paragraph 22 that Defendants filed after February 28, 1998 did not accurately report the average olefin content and average exhaust benzene level of the gasoline described in Paragraph 11.

24.    Defendants' failure to report timely and accurately the gasoline described in Paragraph 11 violated 40 C.F.R. § 80.105.

### FOURTH CLAIM FOR RELIEF

25.    The allegations set forth in Paragraphs 1 through 24 are realleged and incorporated herein by reference.

26.    During 1999, Defendants refined or imported approximately 8,400,000 gallons of conventional gasoline subject to the complex model standards for conventional gasoline in 40 C.F.R. § 80.101(b)(3).

27.    Pursuant to 40 C.F.R. § 80.91(c)(5)(iv) and 40 C.F.R. § 101(b)(3)(i), the average standard for oxides of nitrogen ("NOx") applicable to the gasoline described in Paragraph 26 was 714.4 mg/mi.

28.    The average NOx level of the gasoline described in Paragraph 26 exceeded the 714.4 mg/mi NOx standard described in Paragraph 27.

29. Defendants' failure to comply with the average NOx standard applicable to the gasoline described in Paragraph 26 violated 40 C.F.R. § 80.101.

30. As a violation of a regulatory standard applying to a multiday averaging period, Defendants' violation described in Plaintiff's Fourth Claim for Relief constituted a separate violation for each and every day of the averaging period.

## FIFTH CLAIM FOR RELIEF

31. The allegations set forth in Paragraphs 1 through 30 are realleged and incorporated herein by reference.

32. Pursuant to 40 C.F.R. § 80.91(c)(5)(iv) and 40 C.F.R. § 101(b)(3)(i), the average exhaust toxics standard applicable to the gasoline described in Paragraph 26 was 50.67 mg/mi.

33. The average exhaust toxics level of the gasoline described in Paragraph 26 exceeded the 50.67 mg/mi exhaust toxics standard described in Paragraph 32.

34. Defendants' failure to comply with the average exhaust toxics standard applicable to the gasoline described in Paragraph 26 violated 40 C.F.R. § 80.101.

35. As a violation of a regulatory standard applying to a multiday averaging period, Defendants' violation described in Plaintiff's Fifth Claim for Relief constituted a separate violation for each and every day of the averaging period.

## SIXTH CLAIM FOR RELIEF

36. The allegations set forth in Paragraphs 1 through 35 are realleged and incorporated herein by reference.

37. Defendants did not file with EPA the report required by 40 C.F.R. § 80.105 with respect to the gasoline described in Paragraph 26 until after February 29, 2000.

38. The report described in Paragraph 37 that Defendants filed after February 29, 2000 did not accurately report the average NOx level or the average exhaust toxics level of the gasoline described in Paragraph 26

39. Defendants' failure to report timely and accurately the gasoline described in Paragraph 26 violated 40 C.F.R. § 80.105.

### SEVENTH CLAIM FOR RELIEF

40. The allegations set forth in Paragraphs 1 through 39 are realleged and incorporated herein by reference.

41. During 2000, Defendants refined or imported approximately 10,000,000 gallons of conventional gasoline subject to the complex model standards for conventional gasoline in 40 C.F.R. § 80.101(b)(3).

42. Pursuant to 40 C.F.R. § 80.91(c)(5)(iv) and 40 C.F.R. § 101(b)(3)(i), the average NOx standard applicable to the gasoline described in Paragraph 41 was 1461.0 mg/mi.

43. The average NOx level of the gasoline described in Paragraph 41 exceeded the 1461.0 mg/mi standard described in Paragraph 42.

44. Defendants' failure to comply with the average NOx standard applicable to the gasoline described in Paragraph 41 violated 40 C.F.R. § 80.101.

45. As a violation of a regulatory standard applying to a multiday averaging period, Defendants' violation described in Plaintiff's Seventh Claim for Relief constituted a separate violation for each and every day of the averaging period.

### Prayer for Relief

WHEREFORE, Plaintiff, the United States of America, respectfully requests that the

Court:

1.  Assess against Defendants a civil penalty, pursuant to Section 211(d) of the Act, 42 U.S.C. § 7545(d), for violations of the regulations prescribed under Section 211(c) and (k) of the Act, 42 U.S.C. §§ 7545(c) and (k), in the amount of the value of any economic benefit or savings resulting from the violations, plus (1) for any violation occurring prior to January 31, 1997, $25,000 per day for each day of violation, and (2) for any violation occurring between January 31, 1997 and March 15, 2004, $27,500 per day for each day of violation, and (3) for any violation occurring after March 15, 2004, $32,500 per day for each day of violation;

2.  Award the United States its costs and disbursements in this action; and

3.  Grant the United States such other relief as this Court may deem appropriate.

Respectfully Submitted,

_____
CATHERINE R. MCCABE
Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources Division

_____
SCOTT D. BAUER
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, D.C. 20044
(202) 514-4133

                          MICHAEL J. SULLIVAN
                          United States Attorney

                          GEORGE B. HENDERSON, II
                          Assistant U.S. Attorney
                          United States Courthouse
                          1 Courthouse Way
                          Suite 9200
                          Boston, MA 02210
                          (617) 748-3272

OF COUNSEL:

JOCELYN L. ADAIR
Senior Attorney
Air Enforcement Division
Office of Regulatory Enforcement
U. S. Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460
(202) 564-1011

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

APPENDIX C  LOCAL COVER SHEET

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)
   __United States v. Global Companies, L.L.C., et al__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___    I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_    II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

   ___    III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___    IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___    V.    150, 152, 153.

   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES ☐    NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   YES ☐    NO ☒

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES ☐    NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES ☐    NO ☒

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   YES ☒    NO ☐

   A.   IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
        EASTERN DIVISION ☒    CENTRAL DIVISION ☐    WESTERN DIVISION ☐

   B.   IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
        EASTERN DIVISION ☐    CENTRAL DIVISION ☐    WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Scott D. Bauer__
ADDRESS __U.S. Dept. of Justice, ENRD/EES, P.O Box 7611, Washington DC. 20044__
TELEPHONE NO. __202-514-4133__

(AppendixC.wpd - 11/27/00)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
UNITED STATES OF AMERICA

**DEFENDANTS**
GLOBAL COMPANIES, L.L.C.
GLOBAL PETROLEUM CORPORATION

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  Middlesex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Scott D. Bauer    (202) 514-4133
U.S. Dept. of Justice, ENRD/EES
P.O. Box 7611
Washington, DC. 20044-7611

Attorneys (If Known)
Michael D. Sherman    (202) 342-8400
Collier Shannon Scott
3050 K. Street, N.W., Suite 400
Washington, D.C. 20007-5108

**II. BASIS OF JURISDICTION**  (Place an "X" in One Box Only)

■ 1 U.S. Government Plaintiff
☐ 2 U.S Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)
Place an "x" in one box for the Plaintiff and one box for the Defendant

| | PLA | DEF | | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. NATURE OF SUIT**   (Place an "X " in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**  **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane  ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander  ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine  ☐ 370 Other Fraud  ☐ 345 Marine Product Liability  ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle  ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability  ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & | ☐ 863 DIWC/DIWW (405(g)) | ■ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting  ☐ 510 Motions to Vacate Sentence | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment  Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations  ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare  ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights  ☐ 550 Civil Rights | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | ☐ 555 Prison Condition | | | |

**V. ORIGIN**    (PLACE AN "X" IN ONE BOX ONLY)

■ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**   (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Action for civil penalties under 42 U.S.C. sections 7524 and 7545

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ Statutory Maximum   CHECK YES only if demanded in complaint:   JURY DEMAND: ☐ Yes ■ No

**VIII. RELATED CASE(S) IF ANY**   (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  11/24/04
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____