SCANNED DATE: 1/20/05 BY: M.P.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 JAN 19 A 11: 54

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>GLOBAL COMPANIES, L.L.C. and<br>GLOBAL PETROLEUM CORP.,<br><br>    Defendants. | Civil Action No.: |

## CONSENT DECREE

# TABLE OF CONTENTS

I. JURISDICTION AND VENUE ..................................................................................... 2
II. DEFINITIONS ............................................................................................................... 2
III. PARTIES BOUND ........................................................................................................ 3
IV. INJUNCTIVE RELIEF .................................................................................................. 4
V. CIVIL PENALTY .......................................................................................................... 6
VI. STIPULATED PENALTIES ......................................................................................... 7
VII. COMMUNICATIONS ................................................................................................... 8
VIII. EFFECT OF DECREE AND RESERVATION OF RIGHTS ..................................... 10
IX. RETENTION OF RECORDS ...................................................................................... 11
X. PUBLIC NOTICE REQUIREMENTS ........................................................................ 12
XI. GENERAL PROVISIONS ........................................................................................... 12

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No.: |
| GLOBAL COMPANIES, L.L.C. and ) GLOBAL PETROLEUM CORP., ) | |
| Defendants. ) | |

## **CONSENT DECREE**

WHEREAS, Plaintiff, the United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), has filed a Complaint in this action against defendants Global Companies, L.L.C. and Global Petroleum Corp. (collectively "Global"), alleging that Global violated certain provisions of Sections 211(c) and (k) of the Clean Air Act, as amended, 42 U.S.C. §§ 7545(c) and (k), and regulations promulgated thereunder at 40 C.F.R. Part 80, with respect to certain gasoline imported, refined, distributed, and/or sold by Global; and

WHEREAS, Global denies the alleged violations asserted in the Complaint and maintains any defenses thereto; and

WHEREAS, the United States and Global (together, the "Parties") agree, and the Court

-1-

finds, that settlement of this action without further litigation is in the public interest, and that this Consent Decree is fair, reasonable, and an appropriate means of resolving the matter; and

WHEREAS, the Parties, without the necessity of trial regarding any issue of fact or law, and without any admission of liability by Global, consent to entry of this Consent Decree;

**NOW, THEREFORE, WITH THE CONSENT OF THE PARTIES, IT IS HEREBY ADJUDGED, ORDERED AND DECREED AS FOLLOWS:**

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action and the Parties pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Sections 205 and 211 of the Clean Air Act (the "Act"), 42 U.S.C. §§ 7524 and 7545. Venue in this District is proper pursuant to Section 205 of the Act, 42 U.S.C. § 7524, because Global resides and is doing business in this District. Global waives any objections it may have to jurisdiction and venue regarding this action and agrees not to challenge the Court's continuing jurisdiction to enforce or to take any other action to effectuate this Consent Decree.

### II. DEFINITIONS

2. Unless specifically defined in this section or elsewhere in this Consent Decree, terms used herein shall have the meanings currently set forth in Sections 211, 216, and 302 of the Act, 42 U.S.C. §§ 7545, 7550, and 7602, and any regulations promulgated under Title II of the Act, 42 U.S.C. §§ 7521-7590.

3. "Act" means the Clean Air Act, as amended, 42 U.S.C. §§ 7401 et seq.

4. "Compliance Assurance Program" means the program described in Paragraphs

16-18 herein.

5. "Consent Decree" or "Decree" means this Consent Decree.

6. "Day" means a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or Federal Holiday, the period shall run until the close of business of the next working day.

7. "Effective Date of this Consent Decree" shall be the date upon which this Consent Decree is entered by the Court.

8. "EPA" means the United States Environmental Protection Agency.

9. "Global" means, collectively, Global Petroleum Corp. and Global Companies, L.L.C. Global's principal place of business is located at 800 South Street, P.O. Box 9161, Waltham, Massachusetts.

10. "Interest" means interest at the rate specified for debts owed to departments or agencies of the United States pursuant to 28 U.S.C. § 1961.

11. "Paragraph" means a portion of this Consent Decree identified by an Arabic numeral ("subparagraph" by letter).

12. "Parties" means the United States and Global, collectively, and each shall be a "Party".

13. "Section" means a portion of this Consent Decree identified by a Roman numeral.

14. "United States" means the United States of America on behalf of EPA.

### III. PARTIES BOUND

15. This Consent Decree applies to and is binding upon the United States and Global,

including Global's successors and assigns. Each of the undersigned representatives of Global certifies that he or she is fully authorized by Global to enter into the terms and conditions of this Consent Decree and to execute and legally bind Global to the Consent Decree. Unless approved by the Parties in writing, any change in Global's ownership or corporate status in no way shall alter Global's responsibilities under this Consent Decree. In any action by the United States to enforce this Consent Decree, Global shall not raise as a defense the failure of any of its officers, directors, employees, contractors, agents, successors or assigns to take any actions necessary to comply with the provisions of this Consent Decree.

## IV. **INJUNCTIVE RELIEF**

16.     Within thirty (30) days of the Effective Date of this Consent Decree, Global shall institute a program to ensure its compliance with the Act's programs and regulations (set forth in 40 C.F.R. Part 80) concerning the blending and importing of reformulated and conventional gasoline. Global's program, hereinafter referred to and described as the "Compliance Assurance Program," shall remain in effect and be performed on an ongoing basis for a period of three years from the Effective Date of this Consent Decree.

17.     Global's Compliance Assurance Program shall include Global's retention of an independent auditor or consulting company with recognized expertise in gasoline fuels consulting to perform, or, in the alternative, the training of a Global employee or employees by the independent auditor or consulting company to perform, in consultation with and with the oversight of the independent auditor or consulting company, at a minimum, the following activities with respect to Global's EPA Reformulated Gasoline and Anti-Dumping Program

compliance concerning the importation, blending, certification, and sale of gasoline in the United States:

    a.    review the specifications of each batch of conventional and reformulated gasoline imported or blended by Global as close to the time of importation or blending as practical, and in any event, prior to the preparation of the quarterly and annual reports to EPA encompassing such batches;

    b.    review periodically, and at least at the conclusion of the periods from January 1 to March 31, January 1 to July 15, and January 1 to September 30, the annual averages for all conventional and reformulated gasoline imports and blends and, if warranted, identify any necessary adjustments to meet applicable annual average requirements;

    c.    review, prior to filing, the accuracy of Global's quarterly and annual reports to EPA for all conventional and reformulated gasoline imports and blends, and review the accuracy of the data and calculations used in compiling and preparing the reports; and

    d.    review the draft attestation report prepared by the independent attester before it is submitted to EPA.

18. In addition to the requirements set forth in Paragraph 17, Global shall submit an annual written report to the United States stating whether Global is fulfilling each of the requirements of the Compliance Assurance Program, as specified in Paragraph 17 herein, and specifying the actions taken under the Compliance Assurance Program during the year covered by the report to fulfill all such requirements. If Global has not imported or blended any conventional or reformulated gasoline in the year for which the report is submitted, the report

shall so state. The first annual report shall be submitted to the United States no later than one year and forty-five days after the Effective Date of this Consent Decree. The second annual report shall be submitted to the United States no later then two years and forty-five days after the Effective Date of this Consent Decree. The third and final annual report shall be submitted to the United States no later than three years and forty-five days after the Effective Date of this Consent Decree.

## V. CIVIL PENALTY

19. Within thirty (30) days of the Effective Date of this Consent Decree, Global shall pay to the United States a civil penalty in the amount of five hundred thousand dollars ($500,000). Global shall pay Interest, accrued from the date payment is due through the date of payment, on any portion of the civil penalty remitted after the due date.

20. Payment shall be made by electronic funds transfer by 4:00 p.m. Eastern Time on or before the due date, referencing DJ# 90-5-2-1-07738, in accordance with instructions to be provided by the Financial Litigation Unit of the United States Attorney's Office for the District of Massachusetts. Global shall bear the cost of such electronic funds transfer. Within seven (7) days of payment, Global shall provide written notice of payment via facsimile and mail to EPA, the United States Department of Justice, and the Office of the United States Attorney for the District of Massachusetts in accordance with Section VII (Communications) herein. The written notice shall contain a statement showing the calculation of any Interest included in the civil penalty payment.

21. Payments made pursuant to Paragraph 19 of this Consent Decree are civil

penalties within the meaning of the Internal Revenue Code, 26 U.S.C. § 162(f), and are not tax deductible for purposes of federal law.

## VI. STIPULATED PENALTIES

22. If Global violates or fails to comply timely with any of the requirements of Sections IV or V of this Consent Decree, then Global shall pay stipulated civil penalties to the United States. Unless reduced by the United States in its unreviewable discretion, the amount of such penalties shall be as follows:

| Period of Failure To Comply | Penalty Per Violation Per Day |
|---|---|
| 1st through 15th day | $500 |
| 16th through 30th day | $1,000 |
| 31st day and beyond | $2,000 |

23. Global shall pay the full amount of any stipulated penalties due (including all accrued interest) by electronic funds transfer, referencing DJ# 90-5-2-1-07738, in accordance with instructions to be provided by the Financial Litigation Unit of the United States Attorney's Office for the District of Massachusetts, or by certified check if so instructed by the Financial Litigation Unit. Global shall bear the cost of any such payment. Within seven (7) days of each such payment, Global shall provide written notice of payment to EPA, the United States Department of Justice, and the Office of the United States Attorney for the District of Massachusetts in accordance with Section VII (Communications) herein. The written notice shall contain a statement showing the calculation of any Interest included in the stipulated penalty payment.

24. Stipulated penalties paid pursuant to this Section are penalties within the meaning of Section 162(f) of the Internal Revenue Code, 26 U.S.C. § 162(f), and are not tax deductible for purposes of federal law.

25. All stipulated penalties shall begin to accrue on the day after performance is due or the day a violation occurs, and shall continue to accrue until the day compliance is achieved. Separate stipulated penalties shall accrue simultaneously for separate violations of this Consent Decree. Stipulated penalties shall accrue regardless of whether the United States has notified Global that a violation of this Consent Decree has occurred.

26. Global shall pay stipulated penalties upon written demand by the United States within 30 days after Global receives such demand. If any stipulated penalties demanded by the United States are not paid in full within 30 days of Global's receipt of the demand, Global shall owe Interest on the unpaid penalties from the 30th day after the demand until the day the penalty is paid in full.

27. Nothing in this Section on Stipulated Penalties shall be construed as prohibiting, altering, or in any way limiting the rights of the United States to seek whatever remedies or sanctions are available by law as a result of a violation by Global of any statute or regulation, with the exception of the specific claims alleged in the Complaint in this action.

## VII. COMMUNICATIONS

28. Unless otherwise provided herein, submissions, notifications to, or communications with the United States or Global shall be deemed submitted on the date they are postmarked and sent by first class mail, overnight receipt mail service, or certified or registered

mail with return receipt requested. Except as otherwise specifically provided herein, when written notification to or communication with the United States or Global is required by the terms of this Consent Decree or is provided voluntarily, it shall be addressed as follows:

<u>As to the United States:</u>
Chief
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington DC 20044-7611
Ref: 90-5-2-1-07738

Chief, Civil Division
Office of the United States Attorney
John Joseph Moakley Courthouse
1 Courthouse Way
Boston, MA 02210

Director
Air Enforcement Division (2242A)
U.S. Environmental Protection Agency
Ariel Rios Building
1200 Pennsylvania Ave., N.W.
Washington, DC 20460

Jocelyn L. Adair
Senior Attorney
U.S. Environmental Protection Agency
Ariel Rios Building
1200 Pennsylvania Ave., N.W.
Washington, DC 20460

<u>As to Global</u>:

Ed Faneuil
General Counsel
Global Companies, LLC
800 South Street
P.O. Box 9161
Waltham, Massachusetts 02454-9161

Michael Sherman
Collier Shannon Scott PLLC
3050 K Street, N.W.
Suite 400
Washington, D.C. 20007

29.  Any Party may change the address for providing notices to it by serving all other addressees identified above with a written notice setting forth such new address.

## VIII. EFFECT OF DECREE AND RESERVATION OF RIGHTS

30.  Satisfaction of all of the requirements of this Consent Decree constitutes full settlement of and shall resolve all civil liability of Global to the United States for the civil claims alleged in the Complaint in this action.

31.  This Consent Decree has no effect upon any claims or causes of action the United States may have against Global, whether civil or criminal, other than those civil claims specifically alleged in the Complaint. Compliance with this Consent Decree does not relieve Global from compliance with any and all applicable federal, state or local laws, regulations or permit requirements.

32.  The Court enters this Consent Decree as a final judgment under Rules 54 and 58 of the Federal Rules of Civil Procedure.

33.  Nothing in this Consent Decree shall be construed to limit any statutory or regulatory authorities, rights, remedies, or sanctions, including all criminal enforcement authorities and sanctions, or any equitable rights or remedies, available to the United States regarding (a) any violation of this Consent Decree, or (b) any violation of any federal, state, or local law, regulation or permit, except as specifically provided in this Section.

## IX. RETENTION OF RECORDS

34. Until five years after the Effective Date of this Consent Decree, Global shall preserve and retain all records and documents now in its possession or control, or which come into its possession or control, that relate in any manner to Global's performance of the requirements of this Decree, regardless of any corporate records retention policy to the contrary. The records retention requirement imposed under this Consent Decree does not affect, modify or excuse Global from compliance with any other records retention requirements imposed by federal, state or local laws or regulations.

35. After the conclusion of the document retention period in Paragraph 34, Global shall notify the United States at least ninety (90) days prior to the destruction of any such records or documents, and, upon request by the United States within the ninety-day period, Global shall deliver any such records or documents to the United States. Global may assert that certain documents, records, or other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Global asserts such a privilege, it shall provide the United States with the following: 1) the title of the document, record, or information; 2) the date of the document, record, or information; 3) the name and title of the author of the document, record, or information; 4) the name and title of each addressee and recipient; 5) a description of the subject of the document, record, or information; and 6) the privilege asserted. However, no documents, reports, or other information created or generated pursuant to the requirements of this or any other Consent Decree with the United States shall be withheld on the grounds that they are privileged. If a claim of privilege applies only to a portion of a document, the document

shall be provided to the United States in redacted form to mask the privileged information only. Global shall retain all records and documents that it claims to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim before this Court and any such dispute has been resolved in Global's favor.

## X.  PUBLIC NOTICE REQUIREMENTS

36.     The Parties acknowledge that prior to final approval of this Consent Decree by the United States and its entry by the Court, the Consent Decree is subject to the public notice and comment requirements of 28 C.F.R. § 50.7. That regulation provides for publication of a notice concerning the proposed Consent Decree in the Federal Register. The public shall have thirty (30) days from the date of such publication to comment on the proposed Consent Decree. The United States therefore reserves the right to withdraw its agreement to entry of this Consent Decree if the public comments received regarding the Consent Decree disclose facts or considerations indicating that the Consent decree is inappropriate, improper, or inadequate. Global consents to the entry of this Consent Decree without further notice.

## XI.  GENERAL PROVISIONS

37.     Global shall identify on the attached signature page the name and address of an agent who is authorized to accept service of process by mail on Global's behalf with respect to all matters arising under or relating to this Consent Decree. Global hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including, but not limited to, service of a summons. By entering into this Decree, Global agrees to waive all

service of process requirements for the Complaint filed contemporaneously with this Decree.

38. Each of the Parties shall bear its own costs and attorneys' fees in this action. However, if Global is subsequently determined by the Court to have violated any of the terms or conditions of this Consent Decree, then Global shall be liable for any costs or attorneys' fees incurred by the United States in any action against Global for noncompliance with or enforcement of this Consent Decree.

39. All information and documents submitted by Global to the United States pursuant to this Consent Decree shall be subject to public inspection, unless identified and supported as confidential business information by Global in accordance with 40 C.F.R. Part 2.

40. No material modification may be made to the terms of this Consent Decree unless agreed to by the Parties, set forth in writing, and approved by the Court.

41. The Court retains jurisdiction of this case after entry of this Consent Decree to enforce compliance with the terms and conditions of this Consent Decree and to take any action necessary or appropriate for its interpretation, construction, execution, or modification. Any Party may apply to the Court for any relief necessary to construe or effectuate this Consent Decree.

**JUDGMENT IS HEREBY ENTERED IN ACCORDANCE WITH THIS CONSENT DECREE THIS 21st DAY OF January, 2005.**

*[signature]*
United State District Judge

FOR PLAINTIFF THE UNITED STATES OF AMERICA:

THOMAS L. SANSONETTI
ASSISTANT ATTORNEY GENERAL
Environment and Natural Resources Division
United States Department of Justice

Date: 11/23/04

*/s/ Catherine McCabe*
CATHERINE MCCABE
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, DC 20044-7611

*/s/ Scott D. Bauer*
SCOTT D. BAUER
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, DC 20044-7611
(202) 514-4133

MICHAEL J. SULLIVAN
United States Attorney

GEORGE B. HENDERSON, II
Assistant U.S. Attorney
United States Courthouse
1 Courthouse Way
Suite 9200
Boston, MA 02210
(617) 748-3272

-14-

FOR THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY:

Date: 10/25/04

JOCELYN L. ADAIR
Senior Attorney
Air Enforcement Division
Office of Regulatory Enforcement
U. S. Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460
(202) 564-1011

Date: 11/19/04

THOMAS V. SKINNER
Acting Assistant Administrator
Office of Enforcement and Compliance Assurance
United States Environmental Protection Agency
401 M Street, S.W.
Washington, D.C. 20460

FOR DEFENDANT GLOBAL:

Date: 7-30-04

*(signature)*
ED FANEUIL
General Counsel
Global Companies, LLC
800 South Street
P.O. Box 9161
Waltham, Massachusetts 02454-9161

Agent Authorized to Accept Service of Process for Global:
Ed Faneuil
General Counsel
Global Companies, LLC
800 South Street
P.O. Box 9161
Waltham, Massachusetts 02454-9161